## ALLOWANCE TO A WIFE WHERE DIVORCE HAS BEEN GRANTED ON HER AGGRESSION.

[Circuit Court of Cuyahoga County.]

CHARLES KELSO v. EMMA F. LOVEJOY ET AL.*

Decided, November 10, 1905.

*Divorce and Alimony—Allowance to Wife as Alimony—Distinguished from an Allowance Under Section 5700—Attachment—Will Lie for Recovery of Allowance in the Latter Case, When.*

1. Where a divorce is decreed for the aggression of the wife, and the court has, under Section 5700, adjudged to her such share of her husband's estate as seemed reasonable, the allowance stands upon an entirely different footing from one made in a case where the divorce is granted on the husband's aggression; and the character of the allowance in the former case is not changed by the fact that in the decree it is designated as "alimony."
2. Where an allowance to a wife, made under the provisions of Section 5700, has not been paid a creditor of the wife may garnishee the husband and subject the money due on this allowance to the payment of his claim in the same way such creditor could garnishee any other debtor of the wife.

MARVIN, J.; HENRY, J., and WINCH, J., concur.

Error to the court of common pleas.

The only thing here to be determined is whether certain money which, under an order of the court of common pleas, one Clarence D. Lovejoy was required to pay to said Emma F. Lovejoy and which has not been paid, can be reached by attachment and garnishee, by a creditor of said Emma.

Proper grounds for the issuing of the attachment are shown in the affidavit. Is there a fund liable to be attached? The order requiring the payment to be made by Clarence to Emma was entered in an action in which Clarence sued Emma for divorce, and was successful. The decree of divorce, as far as it need here be noticed, reads:

"The court further finds that the defendant" (Emma F. Lovejoy) "has been guilty of willful absence from said plaintiff"

---

* Affirmed by the Supreme Court without report, April 30, 1907.

.(Clarence D. Lovejoy) ''for three (3) years prior to the filing of his petition herein and by reason thereof the plaintiff is entitled to a divorce as prayed for. It is therefore adjudged and decreed that the marriage contract heretofore existing between the parties be and the same is hereby dissolved and both parties are released therefrom. The defendant is hereby allowed as reasonable alimony the sum of five hundred and sixty dollars ($560), payable in monthly installments of twenty dollars, on the 10th of each month hereafter, and said plaintiff is ordered and adjudged to pay to said defendant the said sum of $560 in monthly installments of $20 on the 10th of each month, said payment to be made to the clerk of this court for said defendant.'' .

It will be noticed that, though the money here ordered to be paid is spoken of in the order as ''alimony,'' it is not made under the statute authorizing the court to allow alimony to the wife. That statute is, Section 5699, Revised Statutes, and provides for alimony to wife only in cases where the wife is granted a divorce by reason of the aggression of the husband.

In cases where the husband is granted a divorce by reason of the aggression of the wife, the court is authorized to grant alimony to the husband in a proper case, but not to grant alimony to the wife (Section 5700, Revised Statutes). The provisions in such a case as to the property rights of the wife are that she shall be barred of all rights of dower; that she shall be restored to all of her lands, tenements and hereditaments not allowed to her husband as alimony, subject to his right of dower therein, ''and the court may adjudge to her such share of the husband's real or personal property, or both, as it deems just and reasonable.''

The reading of these two sections make it very clear that the allowance made to the wife, in case she secures a divorce from her husband, stands upon a very different footing from that upon which the allowance to her stands when he is granted a divorce on account of her aggression. In the former case, every consideration of good morals and common justice require that he should contribute to the support of his wife and not be relieved of that duty because he has so conducted himself that he is no longer worthy to be her husband, and reasons for

holding such allowance should not be diverted from that purpose may be very strong, which do not exist at all where, by reason of her wrongdoing, she is unfit to be his wife, and the court has awarded her a reasonable share of his property. The fact that what was allowed to Mrs. Lovejoy here is called "alimony" in the order can not affect the question of what the court had authority to do. That authority was to "adjudge to her such share of her husband's property as it deemed reasonable." That having been so adjudged to her became her property and subject to be applied to the payment of her debts, as any other property belonging to her would be.

. The authorities cited as to the nature of a claim for alimony which has been decreed, but not paid, are not applicable to a case like the one under consideration.

In the case of *Hassaurek* v. *Markbreit, Admr.,* 68 O. S., 554, Judge Shauck says, in the opinion on page 579:

"Nor need we consider the nature of the obligations upon which decrees for alimonies are founded, since the finding of the court, upon the evidence that the wife had been willfully absent for more than three years, and its judgment that the marriage relation should be terminated for that reason excluded her right to alimony. The court having concluded that a divorce should be decreed for her aggression, its further jurisdiction was defined by Section 5700."

The court below erred in its holding that this attachment should be discharged, and for that reason the judgment is reversed.

*Klein & Harris,* for plaintiff in error.

*Herrick & Hopkins,* for defendant in error.